| | |
|---|---|
| **JOHN LEWIS WRAY, JR.,** )<br>)<br>  **Petitioner,** )<br>)<br>**vs.** )<br>)<br>**ERIK A. HOOKS,** )<br>)<br>  **Respondent.** )<br>_____) | **ORDER** |

**THIS MATTER** is before the Court upon Petitioner's pro se Petition for Writ of Habeas Corpus, 28 U.S.C. § 2254 (Doc. No. 2).

  **I.    PROCEDURAL HISTORY**

Petitioner is a prisoner of the State of North Carolina, who on May 31, 2007, was arrested on a misdemeanor warrant for possession with intent to sell or deliver cocaine ("PWISD") and for selling cocaine. See May 31, 2007 Warrant, Doc. No. 1-1 at 14.[1] After his arrest, Petitioner posted a $500.00 secured appearance bond and was released from custody. See Appearance Bond, Doc. No. 1-1 at 16. On June 1, 2007, C. McWhirter was appointed to represent Petitioner at trial. Order of Assignment of Counsel, Doc. No. 1-1 at 17.

On July 16, 2007, a Cleveland County Grand Jury returned a felony bill of indictment for selling cocaine and for possessing cocaine with the intent to sell or deliver. Record on Appeal ("R.") at 4, Doc. No. 9-3.[2] On the same day, the Grand Jury returned an indictment against

---

[1] Unless otherwise indicated, the procedural history in the state courts comes from documents filed in State v. Perry, No. 1:13-cv-00310-FDW (W.D.N.C. dismissed Mar. 11, 2014).

[2] Citations to the record ("R.") refer to the Record on Appeal filed in Petitioner's direct appeal of his June 2012

1

Petitioner alleging that he had attained habitual felon status. R. at 5, id. Notice of the return of indictments was mailed to Petitioner's counsel, C. P. McWhirter, on July 16, 2007. R. at 3, id.

On September 12, 2007, Petitioner failed to appear for a court date in Cleveland County Superior Court on his felony drug charges, and an order for his arrest for failure to appear ("FTA") was issued. See Sept. 12, 2007 Order for Arrest, Doc. No. 1-1 at 26. The order for arrest contained a recommendation that his pre-trial release bond be set at $10,000. Id. Petitioner was arrested on the FTA order on September 21, 2007, id. at 27, and his pre-trial release bond was set at $10,000, see Faith Bushnaq Letter to Pet., Doc. No. 1-1 at 25 ("I have enclosed the Conditions of Release and Release Order dated September 21, 2007 showing the $10,000 bond after the order for arrest was issued.").

Between his arrest on September 21, 2007, and the beginning of his trial on July 14, 2008, Petitioner went through three court-appointed attorneys, including Mr. McWhirter. State v. Wray, 747 S.E.2d 133, 134–35 (N.C. Ct. App. 2013) (hereinafter "Wray II"). After Petitioner told the trial court he did not want to be represented by his fourth court-appointed attorney, the court found that Petitioner had forfeited his right to counsel, and he proceeded to trial pro se. Id. at 135. On July 15, 2008, the jury returned a verdict of guilty of PWISD cocaine, but was unable to reach a verdict on the sale charge. State v. Wray, 698 S.E.2d 137, 138–39 (N.C. Ct. App. 2010) (hereinafter "Wray I"). On July 16, 2008, the same jury found that Petitioner had attained habitual felon status. Id. at 139. He was sentenced to a term of 136 to 173 months in prison. Id.

On direct appeal, the North Carolina Court of Appeals reversed and remanded the case, concluding that Petitioner might not have been competent to proceed pro se and "that the trial

judgment.

court erred by granting defense counsel's motion to withdraw and in ruling that [d]efendant had forfeited his right to counsel." Id. at 148. The North Carolina Supreme Court denied the State's petition for discretionary review. State v. Wray, 706 S.E.2d 476 (N.C. 2011).

On remand, the trial court ordered that Petitioner be committed for an examination regarding his capacity to proceed to trial, which culminated in a finding that Petitioner had the capacity to proceed. R. at 27-36, Doc. No. 9-3. Petitioner subsequently was convicted by a jury of selling cocaine and of possessing cocaine with the intent to sell or deliver. R. at 57-58, Doc. No. 9-4. The same jury found that Petitioner had obtained the status of a habitual felon. R. at 74, id. On June 13, 2012, the trial court sentenced Petitioner to 142 to 180 months imprisonment. R. at 77-78, id.

Petitioner appealed, and on August 6, 2013, the North Carolina Court of Appeals issued an opinion finding no error. Wray II, 747 S.E.2d at 137. The North Carolina Supreme Court denied discretionary review. State v. Wray, 755 S.E.2d 615 (N.C. 2014).

On November 25, 2013, Petitioner filed his first federal habeas petition in this Court under 28 U.S.C. § 2254. Pet., State v. Perry, No. 1:13-cv-00310-FDW (W.D.N.C.), Doc. No. 1. He claimed that no felony indictments had ever been issued and that it was impossible for any indictments to have been issued on July 16, 2007, because he was out of jail on bond at that time. Pet. 5, 7, id.

On March 11, 2014, the Court entered an Order granting the Respondent's Motion for Summary Judgement and dismissing Petitioner's § 2254 Petition. Order, id. at Doc. No. 15. The Court found that Petitioner's claims were both procedurally barred and without merit because indictments had, in fact, been returned by a grand jury on July 16, 2007. Order 6, id. (citing R. at 5, Doc. No. 9-3). Petitioner did not appeal the Court's judgment.

3

On March 5, 2015, Petitioner filed another petition pursuant to § 2254. Pet., <u>Perry v. North Carolina</u>, No. 1:15-cv-00049-FDW (W.D.N.C.), Doc. No. 1. In it, he raised the same grounds for relief that he raised in his previous habeas petition but included an assertion that the Cleveland County Superior Court Clerk's Office has no record of any grand jury indictments against him for PWISD cocaine, sale of cocaine, or attaining habitual felon status. Pet. 2 ¶ 4, <u>id.</u> On March 24, 2015, the Court dismissed the Petition as an unauthorized, successive petition pursuant to 28 U.S.C. § 2244(b)(3)(A). Order, <u>id.</u> at Doc. No. 3. Petitioner did not appeal the Court's dismissal of his habeas petition.

On February 17, 2016, Petitioner filed a § 2254 Petition in the United States District Court for the Eastern District of North Carolina, raising the same grounds for relief as in his previous habeas petitions. Pet., <u>Wray v. Perry</u>, No. 1:16-cv-00075-FDW (W.D.N.C.), Doc. No. 1. The Eastern District transferred the Petition to this Court, where venue is proper, <u>see</u> Order, <u>id.</u> at Doc. No. 8, and on September 9, 2016, this Court dismissed the Petition as an unauthorized, successive petition pursuant to § 2244(b)(3)(A), <u>see</u> Order, <u>id.</u> at Doc. No. 23. The Fourth Circuit Court of Appeals dismissed Petitioner's appeal. <u>Wray v. Perry</u>, No. 16-7136 (4th Cir. Oct. 21, 2016) (unpublished).

On March 9, 2016, Petitioner filed another § 2254 habeas Petition, in which he again attacked his 2012 judgment on the same grounds raised previously. Pet, <u>Wray v. Perry</u>, No. 1:16-cv-00055-FDW (W.D.N.C.), Doc. No. 1. On August 8, 2016, the Court dismissed the Petition as an unauthorized, successive petition pursuant to § 2244(b)(3)(A). Order, <u>id.</u> at Doc. No. 5. The Fourth Circuit Court of Appeals dismissed Petitioner's appeal. <u>Wray v. Perry</u>, 673 F. App'x 325 (4th Cir. Jan. 18, 2017) (unpublished).

On May 31, 2017, Petitioner filed another § 2254 in this Court. <u>Wray v. Hooks</u>, 1:17-cv-

00147-FDW (W.D.N.C.), Doc. No. 1.  That action is pending.

On June 21, 2017, Petitioner filed the instant § 2254 habeas Petition in the Middle District of North Carolina.³  (Doc. No. 2.)  On July 11, 2017, that court transferred the action to this Court, where venue is proper.  (Doc. No. 4.)

**II.     DISCUSSION**

Petitioner raises the same claims in the instant Petition as he has in all of his others. Boiled down, Petitioner contends is that his right to due process was violated because the Cleveland County Superior Court did not have jurisdiction to enter judgment against him for felony PWISD cocaine, felony sale of cocaine, and attaining habitual felon status.  The source of that claim is Petitioner's belief that no felony indictments were ever returned against him for the aforementioned charges.  Consequently, he has persistently maintained that the bills of indictment in the records on appeal for both of his trials are fake; that the signatures on the bills of indictment and notice of return of indictment are forgeries; and that this fraud upon the court was perpetrated by the prosecuting attorney with the full knowledge of Petitioner's own attorneys and the trial court.  Petitioner also believes, erroneously, that the District Court for the Middle District of North Carolina and the North Carolina Governor's Clemency Board agree that no felony indictments were returned against him and that if this Court would investigate his allegations and review the documents he has filed, it would grant his § 2254 Petition. ⁴

---

³ Petitioner has attempted more than once to challenge his 2012 judgments by filing § 2254 petitions in the Middle District of North Carolina.  See Wray v. Saunder, et al., 1:13-cv-00350-JAB-JLW (M.D.N.C. dismissed May 31, 2013); Wray v. Saunders, 1:13-cv-00670-JAB-JLW (M.D.N.C. dismissed Sept. 18, 2013); Wray v. Saunders, 1:13-cv-00525-JAB-JLW (M.D.N.C. dismissed Oct. 31, 2013); Wray v. Hooks, 1:17-cv-00301-CCE-JLW (M.D.N.C. dismissed May 15, 2017); Wray v. Hooks, 1:17-cv-00526-CCE-JLW (M.D.N.C. filed June 8, 2017) (pending).

⁴ Far from agreeing with Petitioner that no indictments were ever returned against him, the court for the Middle District simply has dismissed all of Petitioner's § 2254 petitions without prejudice because they were filed in the wrong district or has transferred them to this Court, where venue is proper.  See n.3, supra.

5

As this Court has explained more than once, however, it does not have jurisdiction (i.e. the power or the authority) to review the merits of the instant Petition because Petitioner has not been authorized by the Fourth Circuit Court of Appeals to file a successive habeas petition, see 28 U.S.C. § 2244(b)(3)(A).[5] See Order, No. 1:15-cv-00049-FDW, Doc. No. 3; Order, No. 1:16-cv-00055-FDW, Doc. No. 5. Given Petitioner's misunderstanding of many of the documents he repeatedly files with his habeas petitions, it may be that he does not understand the Court's previous Orders.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") expressly limits a prisoner's ability to repeatedly file § 2254 petitions challenging his state criminal judgment. See 28 U.S.C. § 2244(b)(3)(A). Under AEDPA, if a federal district court having jurisdiction over the matter denies or dismisses a state prisoner's § 2254 petition with prejudice, the prisoner generally may not file another § 2254 petition challenging the same state criminal judgment unless he has obtained permission to do so from the appropriate federal court of appeals. See § 2244(b)(3)(A). If the prisoner files a second or successive § 2254 petition challenging the same state criminal judgment without getting permission from the appropriate federal court of appeals, the district court is required to dismiss the petition without considering its merits. See Burton v. Stewart, 549 U.S. 147, 153 (2007) (holding that failure of petitioner to obtain authorization to file a "second or successive" petition deprived the district court of jurisdiction to consider the second or successive petition "in the first place"); United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003) ("In the absence of pre-filing authorization, the district court lacks jurisdiction to

---

[5] The Middle District of North Carolina, likewise, does not have jurisdiction to rule on the merits of any § 2254 Petitioner files in that court challenging his 2012 judgments. See 28 U.S.C. § 2244(b)(3)(A).

consider an application containing abusive or repetitive claims.") (citation omitted).

When this Court granted the Respondent's Motion for Summary Judgment and dismissed Plaintiff's November 25, 2013 § 2254 Petition, see Order, No. 1:13-cv-00310-FDW, Doc. No. 15, that constituted a dismissal of Petitioner's § 2254 with prejudice. Consequently, Petitioner was required to obtain permission from the Fourth Circuit Court of Appeals before filing any of his subsequent § 2254 petitions in this Court and the Middle District, see § 2244(b)(3)(A). He failed to do so, and those petitions filed in this Court were dismissed accordingly. See Order, No. 1:15-cv-00049-FDW, Doc. No. 3; Order, No. 1:16-cv-00055-FDW, Doc. No. 5. Furthermore, Petitioner must obtain the Fourth Circuit's authorization before filing any future § 2254 petitions challenging his 2012 state criminal judgment in federal district court. See § 2244(b)(3)(A). Failure to do so will result in dismissal of those petitions, as well.

Because Petitioner failed to obtain authorization from the Fourth Circuit to file the instant habeas Petition, the Court may not review the merits of Petitioner's due process claim. See Burton, 549 U.S. at 153; Winestock, 340 F.3d at 205. The Court will, however, attempt to clear up some of Petitioner's misconceptions about his case in the hope that will forestall future unauthorized filings in the federal district courts. Given Petitioner's history, the Court recognizes this may be a vain hope, but it makes the effort nonetheless.

The Court has reviewed every document filed in this Court by Petitioner in conjunction with his § 2254 petitions. From that review, the Court gleans the following: Petitioner believes the July 16, 2007 indictments are fraudulent because: 1) the Cleveland County Superior Court Clerk does not have indictments for PWISD cocaine, sale of cocaine, or attaining habitual felon status in its files; 2) Petitioner was arrested and posted bond on misdemeanor charges of PWISD cocaine and selling cocaine; 3) no arrest warrants were issued for the felony indictments; 4) he

7

was not arrested on any felony indictments; 5) his copy of the notice of return of indictments was not signed by a court clerk; and 6) his 2012 trial attorney filed a motion to dismiss the indictments.

Bills of indictment submitted by the prosecutor to the grand jury, must be returned by the foreman of the grand jury to the presiding judge in open court, and the clerk of court must keep a permanent record of all matters returned by the grand jury to the judge. See N.C. Gen. Stat. §§ 15A-628(c), (d). For the sake of argument, the Court accepts as true Petitioner's assertion that the Cleveland County Clerk of Superior Court's files do not contain copies of, or the original, indictments returned against Petitioner.[6] That fact does not mean true bills of indictment were not returned. Records can get lost or misplaced. Here, however, one of Petitioner's own exhibits demonstrates that at some point during pretrial proceedings, the trial judge had file-stamped copies of the indictments, see Tr., Doc. No. 1-1 at 28.[7] The copies of the true bills in the Record on Appeal show the Grand Jury foreman's signature, and the Notice of Return of Bill of Indictment served on Petitioner's attorney bears the signature of a deputy superior court clerk.

---

[6] The Court notes Petitioner has never filed a copy of correspondence between himself and the Clerk's Office that states there are no indictments in the Clerk's files. Nor has he filed an affidavit by the Clerk or a deputy clerk stating the same.

[7] The transcript contains the following exchange:

> THE COURT: You mean you've got a copy of this same bill on indictments in your papers this whole time you're telling me you didn't get it?
>
> DEFENDANT: Yeah, it ain't stamped no where. That's what I'm saying. Mine's like yours but it ain't been stamped.
>
> THE COURT: I've told you three times now, your copy was served upon your attorney of record, Colin McWhirter.

Tr., No. 1:13-cv-00310-FDW, Doc. No. 1-1 at 28.

8

R. at 3-5, Doc. No. 9-3.  All of this constitutes evidence that true bills of indictment were returned against Petitioner despite that the originals may now be missing from the files of the Cleveland County Superior Court Clerk.  See also Trial Tr. 8, id., at Doc. No. 9-10 ("[F]or the record[,] the record does show that there is a bill of indictment in this file.").

Petitioner also appears to believe that because he was arrested on misdemeanor warrants and was out on bond, he could not have been indicted for felonies based upon the same illegal acts.  "A prosecutor may submit a bill of indictment charging an offense within the original jurisdiction of the superior court," N.C. Gen. Stat. § 15A-627(b), "to the grand jury for its consideration," id. at § 15A-627(a).  The statute does not place any time restrictions on the prosecutor's ability to submit a bill of indictment, so he or she may do so even when a defendant has misdemeanor charges pending in the district court.  Furthermore, the superior court has exclusive, original jurisdiction over felonies.  See N.C. Gen. Stat. § 7A-271.  A superior court may exercise its jurisdiction over felony offenses brought by indictment, even if those offenses mirror the offenses alleged in a misdemeanor warrant, if, like Petitioner, the defendant was never prosecuted on the misdemeanor offenses.  See State v. Austin, 228 S.E.2d 507, 511 (N.C. Ct. App. 1976).

Petitioner is particularly obsessed with the idea that the indictments are fake because no warrant for his arrest was issued upon return of the indictments, and he was never arrested on the felony indictments.  North Carolina law does not require that an order for arrest be issued when an indictment has been returned.  An "order for arrest *may* be issued when . . . [a] grand jury has returned a true bill of indictment against a defendant who is not in custody and who has *not been released from custody*" pursuant to pretrial provisions of N.C. Gen. Stat. §§ 15A-531-15A-544.  N.C. Gen. Stat. § 15A-305(b)(1) (emphasis added).  When the bills of indictment were returned

9

against Petitioner, he was not in custody and he had been released from custody on a pretrial release bond pursuant to N.C. Gen. Stat. § 15A-534(a)(4). See Appearance Bond, Doc. No. 1-1 at 16.

The fact that Petitioner's copy of the notice of return of indictments was not signed by a superior court clerk, see id. at 22, is irrelevant. The law only requires that a defendant receive notice of the return of indictment, along with a copy of the indictment(s), either directly or through service upon his attorney. See N.C. Gen. Stat. § 15A-630. Nothing in the statute requires that it be signed by a clerk of court. As noted, the Notice of Return of Bill of Indictment was served on Petitioner's attorney at the time, C. P. McWhirter. R. at 3, Doc. No. 9-3.

As for the fact that Petitioner's 2012 trial attorney filed a motion to dismiss the indictments, he did so on the grounds that Petitioner had not been properly served, not on the grounds that the indictments were somehow invalid. See Mot. to Dismiss, R. at 40, id. Moreover, counsel withdrew the motion to dismiss a day later. Mot. to Withdraw, R. at 42, id.

### III. CONCLUSION

The instant § 2254 Petition is an unauthorized, successive petition under 28 U.S.C. § 2244(b)(3)(A). As such, the Court does not have jurisdiction to consider Petitioner's due process claim. See Burton, 549 U.S. at 153; Winestock, 340 F.3d at 205. Accordingly, the Petition shall be dismissed.

**IT IS, THEREFORE, ORDERED** that:

1. The Petition for Writ of Habeas Corpus (Doc. No. 2) is **DISMISSED without prejudice** as an unauthorized, successive petition under 28 U.S.C. § 2244(b)(3)(A); and

2. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United

States District Courts, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**SO ORDERED.**

Signed: July 25, 2017

Frank D. Whitney
Chief United States District Judge