UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:17-cv-0177-FDW

| | | |
|---|---|---|
| JOHN LEWIS WRAY, JR., | ) | |
| | ) | |
|     Petitioner, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| ERIK A. HOOKS, | ) | |
| | ) | |
|     Respondent. | ) | |

**THIS MATTER** is before the Court upon a motion seeking reconsideration (Doc. No. 7) of the Court's dismissal of Petitioner's pro se Petition for Writ of Habeas Corpus, 28 U.S.C. § 2254.

Petitioner is a prisoner of the State of North Carolina, who, on June 13, 2012, was convicted after a second jury trial in Cleveland County Superior Court of possession with intent to sell or deliver cocaine, sale of cocaine, and attaining habitual felon status. State v. Wray, 747 S.E.2d 133 (N.C. Ct. App. 2013). On November 25, 2013, Petitioner filed a pro se petition in this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2012 judgments. Pet., Wray v. North Carolina, No. 1:13-cv-00310-FDW (W.D.N.C.), Doc. No. 1. On March 11, 2014, the Court granted the respondent summary judgment and dismissed the petition, concluding that Petitioner's claims were factually inaccurate and procedurally barred. Order, id. at Doc. No. 15.

Petitioner did not appeal the Court's dismissal of his habeas petition. Instead, he has papered the federal courts with unauthorized, successive habeas petitions making the same arguments and allegations that he did in his first habeas petition. See Wray v. Hooks, No. 1:17-

1

cv-00147-FDW (W.D.N.C. dismissed July 25, 2017); Wray v. Hooks, 1:17-cv-00526-CCE-JLW (M.D.N.C. dismissed July 17, 2017); Wray v. Hooks, No. 1:17-cv-00301-CCE-JLW (M.D.N.C. dismissed May 15, 2017); Wray v. Perry, No. 1:16-cv-00075-FDW (W.D.N.C. dismissed Sept. 9, 2016); Wray v. Perry, No. 1:16-cv-00055-FDW (W.D.N.C. dismissed Aug. 8, 2016); Wray v. State of North Carolina County of Cleveland, No. 1:15cv0049-FDW (W.D.N.C. dismissed Mar. 24, 2015). [1] To this Court's knowledge, Petitioner has never sought authorization from the Fourth Circuit Court of Appeals to file a successive habeas petition challenging his June 2012 judgment. See 28 U.S.C. § 2244(b)(3)(A).

Petitioner filed this latest habeas action on June 21, 2017, raising the same claims that have appeared in all of his other habeas petitions. (Doc. No. 1.) The Court dismissed the Petition on July 25, 2017, explaining, yet again, that the Court does not have jurisdiction (i.e. the power or the authority) to consider the merits of the Petition because Petitioner has not been authorized by the Fourth Circuit Court of Appeals to file a successive habeas petition, as required under 28 U.S.C. § 2244(b)(3)(A). (Order 6-7, Doc. No. 5.) Petitioner, a demonstrably slow learner, has filed the instant Motion seeking reconsideration of the Court's Order. (Doc. No. 7.)

The Federal Rules of Civil Procedure permit a court to correct orders and provide relief from judgment under certain circumstances, including:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . ; (3) fraud[,] . . . misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

---

[1] See also Wray v. Saunders, 1:13-cv-00525-JAB-JLW (M.D.N.C. dismissed Oct. 31, 2013); Wray v. Saunders, 1:13-cv-00670-JAB-JLW (M.D.N.C. dismissed Sept. 18, 2013); Wray v. Saunder, et al., 1:13-cv-00350-JAB-JLW (M.D.N.C. dismissed May 31, 2013).

Fed. R. Civ. P. 60(b). None of those circumstances apply here.

Rather than contest the Court's holding that the Petition is an unauthorized, successive habeas petition, Petitioner again argues the merits of his claims. Where a habeas petitioner seeks relief from a judgment under Rule 60(b) on grounds other than a clerical mistake, courts must treat such a motion as seeking successive post-conviction relief when failing to do so would allow the applicant to evade the bar against relitigation of claims presented in a prior application. See United States v. Winestock, 340 F.3d 200, 206 (4th Cir. 2003). As a general matter, "a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider." Id. at 207; see also Gonzalez v. Crosby, 545 U.S. 524, 531-33 (2005) (concluding that a Rule 60(b) motion for relief from judgment that directly challenges the underlying conviction constitutes a successive § 2254 petition).

Because Petitioner's motion to reconsider attacks only the validity of his convictions and not the Court's conclusion that the Petition is an unauthorized, successive habeas petition, the motion itself is tantamount to an unauthorized, successive habeas petition. See Winestock, 340 F.3d at 206, 207. Consequently, it must be dismissed. See id. at 205 ("In the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims.") (citation omitted).

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion for Reconsideration (Doc. No. 7) is **DISMISSED** as an unauthorized, successive petition under 28 U.S.C. § 2244(b)(3)(A); and

2. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United

States District Courts, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**SO ORDERED.**

Signed: September 29, 2017

Frank D. Whitney
Chief United States District Judge